Justin Cilenti, Esq.
Peter Hans Cooper, Esq.
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MIGUEL ONOFRE-MORENO, GABRIEL ONOFRE, and RIGOBERTO FLORES, | Case No.: 18 Civ. 4440 |
| Plaintiffs, | **COMPLAINT in an FLSA ACTION** |
| -against- | ECF Case |
| ARCHWAY ON PEARL, INC. *dba* ARCHWAY CAFE, ARCHWAY ON WATER CORP. *dba* ARCHWAY CAFE, ARTHUR HASANI a/k/a ARTUR HASANI, and QERIME MARKE, | |
| Defendants. | |

---

Plaintiffs, Miguel Onofre-Moreno, Gabriel Onofre, and Rigoberto Flores, (collectively, "Plaintiffs"), by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, Archway on Pearl, Inc., and Archway on Water Corp., or any other business entity doing business as Archway Cafe, located at 57B Pearl Street, Brooklyn, New York 11201 (herein, "Archway Cafe"); and Arthur Hasani a/k/a Artur Hasani, and Qerime Marke, individually, (all defendants herein collectively referred to herein as the "Defendants"), and state as follows:

### INTRODUCTION

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid

wages, minimum wages, and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) unpaid "spread of hours" premiums for each day they worked more than ten (10) hours; (3) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391, because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiffs are each adult residents of Queens County in the City of New York.

6. At relevant times, Defendant, Archway on Pearl, Inc., was and is a domestic business entity organized and existing under the laws of the State of New York, doing business as Archway Cafe, located at 57B Pearl Street, Brooklyn, NY 11201.

7. At relevant times, Defendant, Archway on Water Corp., was and is a domestic business entity organized and existing under the laws of the State of New York, doing business as Archway Cafe, located at 57B Pearl Street, Brooklyn, NY 11201.

8. The performance of Plaintiffs' job responsibilities, was controlled by the corporate and individual defendants.

9. The corporate defendants are in the business of preparing and selling food and drink to the general public.

10. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

11. Defendant, Arthur Hasani, aka Artur Hasani, is an owner, shareholder, officer, director, supervisor, managing agent, and / or proprietor of the corporate defendants, who actively participated, and continues to actively participate in the day-to-day operations of the corporate defendants and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendants.

12. Defendant, Qerime Marke, is an owner, shareholder, officer, director, supervisor, managing agent, and / or proprietor of the corporate defendants, who actively participated, and continues to actively participate in the day-to-day operations of the corporate defendants and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendants.

13. The individual defendants each exercised control over the terms and conditions of Plaintiffs' employment in that they had and have had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiffs, and (v) otherwise affect the quality of the employees' employment.

14. Defendant Arthur Hasani a/k/a Artur Hasani exercised sufficient control over Archway Cafe's day-to-day operations as to be considered an employer of Plaintiffs under the FLSA and New York Labor Law.

15. Defendant Qerime Marke exercised sufficient control over Archway Cafe's day-to-day operations as to be considered an employer of Plaintiffs under the FLSA and New York Labor Law.

16. Upon information and belief, at all times relevant to the allegations in this Complaint, the corporate defendants, were, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that each (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

17. At all relevant times, Archway Cafe was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

18. Defendant Archway Cafe has an annual gross volume of sales in excess of $500,000.

19. Defendants employed plaintiffs in Kings County, New York to work as non-exempt cooks, kitchen workers / helpers, deliver persons and /or general helpers for Defendants' and restaurant.

20. The work performed by Plaintiffs was directly essential to the business operated by Defendants.

21. At relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time records.

22. At relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

23. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

24. Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

25. On or about May 11, 2018 an individual named Samuel Bernardo Lopez commenced a claim on behalf of himself and all other employees situated, bearing Case No. 18 Civ. 2837 (CBA)(VMS), in the United States District Court for the Eastern District of New York. ("The Lopez Action")

26. The Lopez Action is factually and legally related to the instant action in that Plaintiffs herein fall within the class of individuals similarly situated to the Plaintiff in The Lopez Action.

27. As a result of the filing of The Lopez Action, and in an effort to avoid collective action certification, but while The Lopez Action was and is pending, Defendants forced Plaintiffs herein, to sign an illegal "arbitration agreement" which attempts to modify the remedial aspects of the Fair Labor Standards Act.

28. Given the authority granted to the court to protect the rights of putative class members and the fairness of the process, the court may draw the inference that the agreements were implemented in response to The Lopez Action and to avoid collective action certification / preclude putative class members. As such the court should decline to enforce such agreements signed immediately after commencement of the related litigation, *to wit*, The Lopez Action.

## STATEMENT OF FACTS

### a. Plaintiff Miguel Onofre-Moreno

29. Plaintiff, Miguel Onofre-Moreno, was employed by defendants in Kings County, New York, as a cook, at Defendants' restaurant known as "Archway Cafe" from in or about March 27, 2014, through August 3, 2018.

30. During Plaintiff Miguel Onofre-Moreno's employment by Defendants, he worked over forty (40) hours per week. Plaintiff generally worked five (5) or six (6) days a week, and his work shift consisted of approximately ten (10) or eleven (11) hours per day, for a total of approximately sixty-two to sixty-three (63) working hours per week.

31. Plaintiff Miguel Onofre-Moreno was not paid overtime compensation. In 2014 Plaintiff was paid $11.00 per hour, in cash. In 2015, Plaintiff was paid $12.00 per hour, in cash. In 2016, Plaintiff was paid $13.00 per hour, in cash. In 2017 and 2018, Plaintiff was paid $14.00 per hour, in cash. Work performed above forty (40) hours per week was not paid at time and one-half Plaintiff's regular rate of pay as required by state and federal law.

32. Plaintiff Miguel Onofre-Moreno was not paid an overtime premium when he worked more than forty (40) hours per week, which was virtually every week he worked.

33. Plaintiff Miguel Onofre-Moreno was paid in cash and was not given a weekly wage statement or other legally required documentation of his hours, hourly rate, and pay.

### b. Plaintiff Gabriel Onofre

34. Plaintiff, Gabriel Onofre, was employed by defendants in Kings County, New York, as a cook, at Defendants' restaurant known as "Archway Cafe" from in or about June 2014, through August 2, 2018.

35. During Plaintiff Gabriel Onofre's employment by Defendants, he worked over forty (40) hours per week. Plaintiff generally worked six (6) days a week, and his work shift

consisted of approximately eight (10) to eleven (11) hours per day, for a total of approximately fifty-one (51) or more working hours per week.

36. Plaintiff Gabriel Onofre was not paid overtime compensation. In 2014 – 2016, Plaintiff was paid $10.00 per hour, in cash. In 2017 - 2018, Plaintiff was paid $11.00 per hour, in cash. At times, Plaintiff was paid below New York State's legal minimum wage, and work performed above forty (40) hours per week was not paid at time and one-half the minimum wage / or where higher, Plaintiff's regular rate of pay, as required by state and federal law.

37. Plaintiff Gabriel Onofre was not paid an overtime premium when he worked more than forty (40) hours per week, which was virtually every week he worked.

38. Plaintiff Gabriel Onofre was paid in cash and was not given a weekly wage statement or other legally required documentation of his hours, hourly rate, and pay.

### c. Plaintiff Rigoberto Flores

39. Plaintiff, Rigoberto Flores, was employed by defendants in Kings County, New York, to perform deliveries at Defendants' restaurant known as "Archway Cafe", and Defendants' sister restaurants such as "Love & Dough", and "Ramen Bar", located in the vicinity of Archway Cafe, from in or about July 2014, through July 22, 2018.

40. Although Plaintiff Rigoberto Flores was ostensibly employed as a delivery worker, he was required to spend a considerable part of his workdays performing non-tipped duties, including food preparation and cleaning. On two (2) days each week, Plaintiff Rigoberto Flores cooked, and did not perform deliveries.

41. Plaintiff Rigoberto Flores spent well over twenty percent (20%) of his work shift performing non-tipped duties.

42. Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Rigoberto Flores' tips and made unlawful deductions from his wages.

43. During Plaintiff Rigoberto Flores' employment by Defendants, he worked over forty (40) hours per week. Plaintiff generally worked six (6) days a week, and his work shift consisted of ten (10) or eleven (11) hours per day, for a total of approximately sixty-two (62) or sixty-three (63) working hours per week.

44. Plaintiff Rigoberto Flores was not paid minimum wages or overtime compensation. Plaintiff was paid a weekly salary of $350.00, increased to $380.00 in 2016; and further increased to $500.00 per week in 2018.

45. Plaintiff Rigoberto Flores was not paid hourly.

46. Plaintiff Rigoberto Flores was paid exclusively in cash; work performed above forty (40) hours per week was not paid at time and one-half Plaintiff's regular rate of pay as required by state and federal law.

47. Plaintiff Rigoberto Flores was not paid an overtime premium when he worked more than forty (40) hours per week, which was virtually every week he worked.

48. At all times relevant to this action, Plaintiff Rigoberto Flores was paid in cash and was not given an accurate weekly wage statement or other legally required documentation of his hours, hourly rate, and pay.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

49. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "48" of this Complaint as if fully set forth herein.

50. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

51. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

52. Upon information and belief, at all relevant times, Defendant has had gross annual revenues in excess of $500,000.

53. Plaintiffs were entitled to be paid at a rate of at least minimum wage for every hour worked, and at the rate of time and one-half their regular rate of pay for all hours worked in excess forty (40) as provided for in the FLSA.

54. Defendant failed to pay Plaintiffs wages for all hours worked, minimum wages, and overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA

55. At all relevant times, Defendant had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

56. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs for all hours worked, and by failing to compensate Plaintiffs at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) per week, when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs.

57. Records concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

58. Defendant failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

59. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

60. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

61. Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

62. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "61" of this Complaint as if fully set forth herein.

63. At all relevant times Plaintiffs, were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

64. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay them wages for all hours worked and overtime compensation at rates of not less than one and one-half times their regular rate, for each hour worked in excess of forty (40) hours in a workweek.

65. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay proper wages and overtime compensation.

66. Plaintiffs are entitled to reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiffs also seek liquidated damages pursuant to the New York Wage Theft Prevention Act, as amended in 2011.

67. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premiums to Plaintiffs for each day they worked more than ten (10) hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

68. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid wages / minimum wages; overtime wages; "spread of hours" premiums; reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiffs also seek liquidated damages pursuant to the New York Wage Theft Prevention Act.

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

69. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "68" of this Complaint as if fully set forth herein.

70. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

71. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

72. At times relevant to this action Plaintiffs were paid cash, and not provided with an accurate wage statement as required by law.

73. Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employee worked, in order to avoid paying for their full hours worked; and, any overtime due.

74. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

75. Plaintiffs were not provided with a proper, written notice at the time of hiring, as required by law.

76. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiffs, respectfully request that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b) An award of unpaid wages, minimum wages, and overtime compensation due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d) An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

(e) An award of liquidated damages as a result of Defendants' failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216;

(f) An award of liquidated damages as a result of Defendants' failure to pay wages and overtime compensation, and "spread of hours" premiums, pursuant to the New York Labor Law;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' fees;

(i) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
August 6, 2018

Respectfully submitted,

CILENTI & COOPER, PLLC
**Counsel for Plaintiffs**
708 Third Avenue – 6th Floor
New York, NY 10017

By: _____
Peter H. Cooper (PHC 4714)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MIGUEL ONOFRE-MORENO, GABRIEL ONOFRE,
and RIGOBERTO FLORES,

                              Plaintiffs,

-against-

ARCHWAY ON PEARL, INC. *dba* ARCHWAY CAFE,
ARCHWAY ON WATER CORP. *dba* ARCHWAY CAFE,
ARTHUR HASANI a/k/a ARTUR HASANI, and
QERIME MARKE,

                              Defendants.

---

## CONSENT TO BECOME PARTY PLAINTIFF

I, **Miguel Onofre-Moreno**, was employed by Archway on Water Corp. dba Archway Cafe, and related entities, and Arthur Hasani and Qerime Marke. I request and consent to be a plaintiff in the above-captioned action to collect unpaid wages and overtime compensation. I designate Cilenti & Cooper, PLLC as my counsel.

Date: **August 6, 2018**

Signed: **[signature]**

Print name: **Miguel Onofre-Moreno**

Telephone No.: **[redacted]**

Approximate Dates of Employment: **March 27, 2014 - August 3, 2018**

CILENTI & COOPER, PLLC
ATTORNEYS AT LAW
708 Third Avenue – 6th Floor
New York, New York 10017

Telephone (212) 209-3933
Facsimile (212) 209-7102

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MIGUEL ONOFRE-MORENO, GABRIEL ONOFRE,
and RIGOBERTO FLORES,

                        Plaintiffs,

-against-

ARCHWAY ON PEARL, INC. *dba* ARCHWAY CAFE,
ARCHWAY ON WATER CORP. *dba* ARCHWAY CAFE,
ARTHUR HASANI a/k/a ARTUR HASANI, and
QERIME MARKE,

                        Defendants.

## CONSENT TO BECOME PARTY PLAINTIFF

I, _Gabriel Onofre_, was employed by Archway on Water Corp. dba Archway Cafe, and related entities, and Arthur Hasani and Qerime Marke. I request and consent to be a plaintiff in the above-captioned action to collect unpaid wages and overtime compensation. I designate Cilenti & Cooper, PLLC as my counsel.

Date: _August 6, 2018_

Signed: _[signature]_

Print name: _Gabriel Onofre_

Telephone No.: _[redacted]_

Approximate Dates of Employment: _June 2014 - August 2, 2018_

CILENTI & COOPER, PLLC
ATTORNEYS AT LAW
708 Third Avenue – 6th Floor
New York, New York 10017

Telephone (212) 209-3933
Facsimile (212) 209-7102

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MIGUEL ONOFRE-MORENO, GABRIEL ONOFRE,
and RIGOBERTO FLORES,

                          Plaintiffs,

-against-

ARCHWAY ON PEARL, INC. *dba* ARCHWAY CAFE,
ARCHWAY ON WATER CORP. *dba* ARCHWAY CAFE,
ARTHUR HASANI a/k/a ARTUR HASANI, and
QERIME MARKE,

                          Defendants.

---

## CONSENT TO BECOME PARTY PLAINTIFF

I, __Rigoberto Flores__, was employed by Archway on Water Corp. dba Archway Cafe, and related entities, and Arthur Hasani and Qerime Marke. I request and consent to be a plaintiff in the above-captioned action to collect unpaid wages and overtime compensation. I designate Cilenti & Cooper, PLLC as my counsel.

Date: __August 6, 2018__

Signed: __[signature]__

Print name: __Rigoberto Flores__

Telephone No.: __[redacted]__

Approximate Dates of Employment: __July 2014 - July 22, 2018__

CILENTI & COOPER, PLLC
ATTORNEYS AT LAW
708 Third Avenue – 6th Floor
New York, New York 10017

Telephone (212) 209-3933
Facsimile (212) 209-7102